The Little Miami Rd. Co. et al., Appellees, *v.* City of Cincinnati et al., Appellants.

(No. 8132—Decided July 30, 1956.)

*Mr. John W. Hudson* and *Messrs. Taft, Stettinius & Hollister,* for appellees.

*Mr. Henry M. Bruestle,* city solicitor, and *Miss Isabel Guy,* for appellants.

*Per Curiam.* This is an appeal on questions of law and fact from a judgment enjoining the defendants from enforcing or attempting to enforce an assessment for constructing a sidewalk on that part of Collins Avenue under the plaintiffs' tracks. The case was submitted to this court on the statement of facts agreed to in the trial court.

It appears that in 1868 and 1869 Collins Avenue was extended southwardly from its terminus over the plaintiffs' tracks to Eastern Avenue in the city of Cincinnati. This was done by the city of Cincinnati, and a portion of the cost assessed against the abutting property owners. It does not expressly appear that the crossing at grade was eliminated at the same time, but it is stipulated that the bridge, piers and abutments, carrying the railroad over Collins Avenue, were built at the expense of the railroads and the city of Cincinnati, and have been maintained and are now being maintained at the sole expense of the plaintiffs.

The defendants, appellants herein, state the issue raised by this record as follows:

"The sole issue in this case is whether or not the provisions of Section 4957.24, of the Revised Code of Ohio exempt the railroads from sidewalk assessments levied under authority of the general statute for sidewalk assessments."

The general statute relied on is Section 729.01, Revised Code.

As we construe those sections, Section 4957.24, Revised Code, is a statute relating to a special or specific subject, to wit, the intersection of railroads and public highways of all sorts, and the cost of constructing and maintaining the intersection.

Section 729.01 *et seq.*, Revised Code, relates to the general subject of sidewalks, their construction and maintenance, and the assessment of the cost against the abutting property owners.

We find that, limiting each to the subject matter intended to be covered, each can be given effect.

Appellants' counsel contend that Section 4957.24, Revised Code, must be considered an exception to the general rule covered by Section 729.01, Revised Code, for the assessment of all abutting property to pay the cost of constructing and maintaining sidewalks. But the sidewalks in this instance are a part of the public way, the cost of constructing and maintaining which is imposed upon the municipality by Section 4957.24, Revised Code.

There was sound basis for the conclusion reached by the Legislature that the elimination of crossings at grade was entirely distinct from the construction of sidewalks. The classification being based on a reasonable and valid distinction, both acts are valid.

We, therefore, hold that the assessment is unauthorized, and that the plaintiffs are entitled to an injunction against its enforcement.

*Judgment for plaintiffs.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.